UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIMOTHY A. LETSON,

        Plaintiff,

-vs-                            Case No.  5:04-cv-153-Oc-10GRJ

INTERNATIONAL AUTO BODY OF
OCALA, INC., BILL PREVOST,

        Defendants.

_____

# **O R D E R**

On April 22, 2004, the Plaintiff filed this unpaid wages action under the Fair Labor Standards Act (Count I) and Florida law (Count II) (Doc. 1).  On June 21, 2004, the Defendants moved to dismiss the Plaintiff's claims brought in Count II of the Complaint (Doc. 7), and on July 27, 2004, the Court granted the Defendants' motion to dismiss (Doc. 9).

This case is presently before the Court for consideration of the Plaintiff's Motion for Entry of Court's Default on Count I of Plaintiff's Complaint and Final Judgment (Doc. 12), which was filed on April 25, 2005.  After the Plaintiff filed its motion for entry of default and final judgment, the Defendants filed an Answer to the Complaint (Doc. 14) and a memorandum in opposition to the Plaintiff's motion (Doc. 15).

The Plaintiff moves for entry of default and final judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) for failure to file an Answer to Count I of the Plaintiff's

Complaint. The Plaintiff also requests attorney fees and costs associated with bringing this motion.

In response, counsel for the Defendants explains that it was not until May 6, 2005, when counsel took a deposition of the Plaintiff in this case, that he learned of the Plaintiff's pending motion for entry of default and final judgment. Counsel for the Defendant represents that he did not receive copies of this Court's July 27, 2004 Order granting the Defendant's motion to dismiss, the Case Management and Scheduling Order, or the Plaintiff's motion for entry of default and final judgment because counsel for the Defendants was erroneously omitted as counsel of record in the Court's new electronic case management system. Counsel for the Defendants has contacted the Clerk and has been assured that he will receive prompt notification of all future pleadings. Accordingly, the Defendants request that the Plaintiff's motion be denied and that the Court consider their Answer to be properly filed.

The Court concludes that the Plaintiff's motion for entry of default and final judgment is due to be denied. Since the Plaintiff filed his motion for entry of default and final judgment, the Defendant has appeared in this action, presented good cause for its failure to Answer in a timely manner, and filed an Answer to the Plaintiff's remaining claim. Additionally, the Plaintiff's motion for default judgment is not procedurally proper because the Plaintiff has failed to first seek the entry of default from the Clerk under Rule 55(a).[1]

---

[1] See, e.g., Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995);
(continued...)

Accordingly, upon due consideration, the Plaintiff's Motion for Entry of Court's Default on

Count I of Plaintiff's Complaint and Final Judgment (Doc. 12) is DENIED in all respects,

and the Court finds the Defendants' Answer (Doc. 14) to be properly filed in this action.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of May, 2005.

_____

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record

---

[1](...continued)
Brooks v. U.S., 29 F. Supp.2d 613, 618 (N.D. Cal. 1998).